Civil Action No. 24-cv-00733-JPH-CSW

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CAMSHAFT CAPITAL FUND, LP; CAMSHAFT CAPITAL ADVISORS, LLC; and CAMSHAFT CAPITAL MANAGEMENT, LLC, | |
| *Applicants-Appellants*, | Case No. 24-mp-56003 (JJG) |
| v. | Appeal from the United States Bankruptcy Court for the Southern District of Indiana |
| BYJU'S ALPHA, INC., | |
| *Respondent-Appellee*. | |

### APPELLANTS' EMERGENCY MOTION FOR A STAY PENDING APPEAL FROM ORDER ON MOTION TO QUASH SUBPOENAS

**TAFT STETTINIUS & HOLLISTER LLP**
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Tel.: (317) 713-3500
Fax:  (317) 713-3699
Ann McCready
(Ind. Att'y No. 32836-53)
amccready@taftlaw.com

**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, NY 10017
Phone: (212) 909-0661
Fax: (212) 918-3100
Pieter Van Tol*
Elizabeth Carter*
Arthur Herskowitz*
pieter.vantol@hoganlovells.com
elizabeth.carter@hoganlovells.com
arthur.herskowitz@hoganlovells.com

*\*pro hac vice* applications forthcoming

*Counsel for Appellants*

\\4129-2588-5263  v1

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 8012, Applicants-Appellants Camshaft Capital Fund, LP (the "Camshaft Fund"), Camshaft Capital Advisors, LLC ("Camshaft Advisors"), and Camshaft Capital Management, LLC ("Camshaft Management") (collectively, "Camshaft") state that, for each entity, there is no parent corporation and publicly held corporation that owns 10% or more of its stock.

\\4129-2588-5263  v1

# TABLE OF CONTENTS

Page(s)

Preliminary Statement ...................................................................................................................2

Background ....................................................................................................................................2

I. Proceedings in Delaware Bankruptcy Court ......................................................................2

    A. Motion to Dismiss Adversary Proceeding .............................................................3

    B. Motion to Dismiss the Chapter 11 Case ................................................................4

    C. Apex's Role ............................................................................................................5

    D. Issuance of Subpoenas ...........................................................................................5

II. The Bankruptcy Court Issues the Quash Order ..................................................................5

III. Apex's Imminent Production Absent a Stay ......................................................................6

Argument ........................................................................................................................................6

I. This Court Has Jurisdiction Over the Appeal and Should Decide the Motion in the First Instance ...........................................................................................6

II. The Court Should Enter a Stay Pending Appeal ................................................................8

    A. Camshaft Is Likely to Prevail on Its Appeal .........................................................9

    B. Camshaft Would Suffer Irreparable Harm in the Absence of a Stay ..10

    C. Substantial Harm to Other Parties .......................................................................13

    D. A Stay Would Be in the Public Interest ..............................................................13

III. The Court Should Enter an Interim Stay While This Motion Is Pending .......................13

TYPEFACE REQUIREMENT AND TYPE-VOLUME LIMITATION ....................................15

Camshaft hereby brings this emergency motion (the "Motion"), pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and along with the Declaration of Pieter Van Tol dated April 30, 2024, for an order, a proposed form of which is attached hereto, granting a stay pending appeal.

Camshaft's appeal is from an order entered by the United States Bankruptcy Court for the Southern District of Indiana ("Bankruptcy Court") on April 25, 2024 denying Camshaft's motion to quash two subpoenas ("Subpoenas") that Respondent-Appellee BYJU's Alpha, Inc. (the "Debtor") served on Apex Funds Services (Indiana), Inc. ("Apex") requesting the production of documents for use in an adversary proceeding (the "Adversary Proceeding") brought by the Debtor in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). (Bankr. Dkt. No. 25.)[1]  Camshaft also seeks an interim stay of the order while the Court is deciding the Motion.[2]

In support of the Motion, Camshaft states as follows:

---

[1]  Citations to "Bankr. Dkt." are to the Bankruptcy Court's docket.  Citations to the "DE Adv. Pro. Dkt." are to the Adversary Proceeding docket.  Citations to the "DE Chapter 11 Dkt." are to the Delaware Bankruptcy Court's docket.

[2]  The Bankruptcy Court did not enter a written order denying the Motion, and the parties agreed that the Bankruptcy Court's rulings on the record would constitute the order (the "Quash Order").  A copy of the transcript is annexed to the Van Tol Declaration as **Exhibit A**.

**Preliminary Statement**

Camshaft has filed the Motion for a stay pending appeal, and interim relief, because it would suffer immediate and irreparable harm if the Court does not stay the Quash Order. Apex has stated its intention to comply with the Subpoenas as soon as possible, which would result in the disclosure of highly sensitive and confidential financial information of Camshaft and its limited partners to third parties (one of which represents Camshaft's competitors). Camshaft's limited partners had an expectation that their information would be kept private, and the forced disclosure of such information will cause a loss of confidence in Camshaft and related harm, which cannot be calculated or compensated through damages.

In addition to irreparable harm, Camshaft has a likelihood of success on the merits of is appeal from the Quash Order. The Bankruptcy Court applied its own relevance standard to the Subpoenas, rather than adhering to Fed. R. Civ. P. 26(b)(1). Thus, the Subpoenas (even as modified by the Bankruptcy Court) are overbroad and call for the production of irrelevant documents.

Under the circumstances, the Court should grant the Motion in its entirety.

**Background**

**I.      Proceedings in Delaware Bankruptcy Court**

On February 2, 2024, the Debtor filed a petition for bankruptcy in the Delaware Bankruptcy Court (the "Chapter 11 Case") and, that same day, commenced the Adversary Proceeding. (*See* DE Adv. Pro. Dkt. 1.) The Chapter 11

Case and Adversary Proceeding arise out of a $1.2 billion loan under a credit agreement (the "Credit Agreement"), from which the Debtor's predecessor management transferred $533 million (the "Alpha Funds") to the Camshaft Fund for investment. The dispute over this transfer of the Alpha Funds was the subject of a state court action in Florida until, on the eve of a critical hearing in that case and in order to avoid an adverse ruling, the Debtor filed the Chapter 11 Case.

### A. Motion to Dismiss Adversary Proceeding

The original complaint in the Adversary Proceeding (the "Complaint") asserted three causes of action against Camshaft: (1) a claim that the Camshaft Fund was the initial transferee of actual or constructive fraudulent transfers as a result of the transfer of the Alpha Funds from the Debtor to the Camshaft Fund in 2022 (Counts I and II); and (2) a claim that Camshaft Advisors and Camshaft Management was the initial transferee of a constructive fraudulent transfer as a result of the payment of investment services fees by Plaintiff to Camshaft Advisors and Camshaft Management (Count III). (*See id.*)

Camshaft moved to dismiss the claims in the Complaint on several grounds, and the Debtor filed an amended complaint on February 29, 2024 (the "Amended Complaint"). (A copy of the Amended Complaint, without exhibits, is annexed to the Van Tol Declaration as **Exhibit B**.) In the Amended Complaint, the Debtor (1) repeated Counts I through II for actual and constructive fraudulent transfers against

\\4129-2588-5263 v1

Camshaft Fund in connection with the initial transfer, but added two defendants to those counts (Riju Ravindran and Inspilearn, LLC) (*see id.*, ¶¶ 132-50); (2) repeated Count III against Camshaft Advisors and Camshaft Management for constructive fraudulent transfer (*see id.*, ¶¶ 151-55); (3) added Count IV against Mr. Ravindran for breach of fiduciary duty (*see id.*, ¶¶ 156-65); and (4) added Count V against all defendants for an alleged violation of the automatic stay (*see id.*, ¶¶ 166-75).[3]

Camshaft moved to dismiss the Complaint, but it was held in abeyance because the Debtor stated that it would amend the Amended Complaint. (*See* DE Adv. Pro. Dkt. 92.) The Debtor has filed the Second Amended Complaint, but it post-dates the issuance of the Subpoenas. (*See* DE Adv. Pro. Dkt. 153.) Camshaft will be renewing the arguments made in the earlier motion to dismiss (as well as others) in responding to the Second Amended Complaint.

B.      **Motion to Dismiss the Chapter 11 Case**

Although the Subpoenas were issued out of the Adversary Proceeding, the Chapter 11 Case is relevant here because Camshaft has also moved to dismiss the main case on the grounds that the bankruptcy filing was not a proper use of Chapter 11. (*See* DE Ch. 11 Dkt. No. 107.) If the Chapter 11 Case is dismissed, the related

---

[3] After the initial transfer of the Alpha Funds in 2022, there were subsequent transfers in March 2023 and February 2024.

4

Adversary Proceeding will also be dismissed. Camshaft's motion to dismiss the Chapter 11 Case is currently being briefed and will be heard in May 2024.

### C. Apex's Role

Through an affiliated entity, Apex acted as the administrator for the Camshaft Fund. Although Apex terminated the relationship in early March 2024, it had not received any information from Camshaft regarding the Alpha Funds since October 2023. (*See* Van Tol Decl., **Exhibit C**, ¶¶ 14-16.) Thus, to the extent that the Debtor seeks documents from Apex relating to a third transfer of the Alpha Funds in February 2024 or the current location of the Alpha Funds, Apex does not have such information.

### D. Issuance of Subpoenas

On April 5, 2024, the Debtor filed a notice stating that it would be serving three subpoenas, including the Subpoenas at issue here. (*See* Van Tol Decl., **Exhibit D**.) Camshaft immediately filed a motion in the Bankruptcy Court to quash the Subpoenas (the "Quash Motion"), arguing (among other things) that the Subpoenas are overbroad, call for production of irrelevant documents, and seek confidential, commercially sensitive information. (*See* Bankr. Dkt. No. 2.)

## II. The Bankruptcy Court Issues the Quash Order

The Bankruptcy Court held a hearing on April 25, 2024 (the "April 25 Hearing") to decide the Quash Motion. It issued the Quash Order the same day. While the Bankruptcy Court modified some of the requests in the Subpoenas in

5

response to Camshaft's objections, others remained the same or the limitations imposed by the Bankruptcy Court were insufficient.

### III. Apex's Imminent Production Absent a Stay

Apex's counsel has made it clear that, despite Camshaft's appeal from the Quash Order, Apex intends to produce documents in response to the Subpoenas as soon as possible. (*See* Van Tol Decl., **Exhibit E**.)

### Argument

### I. This Court Has Jurisdiction Over the Appeal and Should Decide the Motion in the First Instance

The Court may hear this appeal pursuant to *Perlman v. United States*, 247 U.S. 7 (1918). Under *Perlman*, "a discovery order directed at a disinterested third-party is treated as immediately appealable because the third-party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance," and the appellant is powerless to otherwise prevent disclosure. *Marigrove, Inc. v. Sauer de Arruda Pinto*, No. 14-CV-22580-KMM, 2015 WL 13857424, at *11 (S.D. Fla. Mar. 30, 2015), *aff'd sub nom In re Transbrasil S.A. Linhas Aereas*, 644 F. App'x 959 (11th Cir. 2016).

Citing *Perlman*, the Seventh Circuit has found appellate jurisdiction in circumstances similar to this case. *See Gotham Holdings, LP v. Health Grades, Inc.*, 580 F.3d 664, 665 (7th Cir. 2009) (noting that "[a]ppellate jurisdiction rests on the doctrine of *Perlman*"). In *Gotham Holdings*, a party to an action in New York

6

\\4129-2588-5263 v1

(Gotham Holdings) served a subpoena on non-party Hewitt and the compliance court (the district court in Illinois) denied a motion to quash. *Id.* Another party to the action, Health Grades, appealed from the denial of the motion to quash and the Seventh Circuit accepted jurisdiction over the appeal. *See id.* Thus, *Perlman* and *Gotham Holdings* provide a basis for appellate jurisdiction here.

Camshaft has brought the Motion before this Court because it would be impracticable to have the Bankruptcy Court decide a stay motion first. Fed. R. Bankr. P. 8007(b)(2)(A). As discussed above, Apex intends to comply with the Subpoenas (despite Camshaft's appeal). Accordingly, Camshaft has been forced to move quickly and there is no time to move in the Bankruptcy Court first. *See Gonzalez ex rel. Gonzalez v. Reno*, No. 00-11424-D, 2000 WL 381901, at *1 n.4 (11th Cir. Apr. 19, 2000) ("We are satisfied that Plaintiff has sufficiently shown that it would have been impracticable to move first in the district court; the time-sensitive nature of the proceedings and the possibility that we could have lost jurisdiction in the absence of an injunction support our exercise of discretion in this case."); *Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of City of Bos.*, 996 F.3d 37, 45 (1st Cir. 2021) (holding that a tight timeframe renders prior recourse to district court impracticable).

## II.     The Court Should Enter a Stay Pending Appeal

Under Bankruptcy Rule 8007, courts consider four factors in deciding whether to grant a motion for stay pending appeal: (1) whether the movant is likely to succeed on the merits of the appeal; (2) whether the movant will suffer irreparable injury absent a stay; (3) whether a stay would substantially harm other parties in the litigation; and (4) whether a stay is in the public interest. *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997); *see also In re A&F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014) (observing that the standard mirrors that for granting a preliminary injunction).

A party seeking a stay pending appeal has the threshold burden of demonstrating a likelihood of success on the merits and that it will suffer irreparable harm if the requested relief is denied. *In re Forty-Eight Insulations,* 115 F.3d at 1300. If the movant makes these threshold showings, "the court then moves on to balance the relative harms ... using a 'sliding scale' approach." *Id.* at 1300-01. "[T]he more likely it is the plaintiff will succeed on the merits, the less the balance of irreparable harms need weigh towards its side; the less likely it is the plaintiff will succeed, the more the balance need weigh towards its side. *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1992) (citation omitted).

8

Here, Camshaft has a strong likelihood of success on the merits and it will suffer irreparable harm in the absence of a stay. Thus, both factors weigh heavily in favor of a stay. The remaining two factors similarly support a stay here.

### A.     Camshaft Is Likely to Prevail on Its Appeal

In the briefing on the motion to quash, Camshaft demonstrated that the document requests in the Subpoenas are substantially overbroad and seek documents that have no relevance to the claims and defenses in the Adversary Proceeding. (*See* Bankr. Dkt. No. 17, 3-6.) At the April 25 Hearing, the Bankruptcy Court recognized Camshaft's relevance concerns and it sought to limit some of the Debtor's requests. However, the Bankruptcy Court did not sufficiently pare back the requests because it applied a broader standard of "bankruptcy relevance." That was error. Rule 26(b)(1) of the Federal Rules of Civil Procedure applies to bankruptcy cases through Rule 7026 of the Bankruptcy Rules, and the Bankruptcy Court should have followed the same relevance standard that the district courts use.

Request No. 4 illustrates the consequences of the Bankruptcy Court's misapplication of the relevance standard. That request seeks all of Camshaft's ledgers and financial statements (audited and unaudited). (*See* Ex. D, Req. No. 4.) The Bankruptcy Court's refusal to limit Request No. 4, even though it is overbroad, will intrude on the confidential information of Camshaft's limited partners, and does not relate to any claim or defense in the Adversary Proceeding.

With regard to Request Nos. 7 through 10, the Bankruptcy Court committed a separate error. Camshaft pointed out that some of those requests relate to documents that the Debtor is seeking from parties in the Adversary Proceeding, while others are the subject of a contempt order from which Camshaft is currently appealing. (*See* Bankr. Dkt. No. 17, 5-6.) Camshaft argued that, as a matter of comity, the Bankruptcy Court should have deferred to the various Delaware federal courts (including the Delaware district court hearing the contempt appeal) and allowed the discovery from the parties to proceed in the Adversary Proceeding. (*See id.*) The Bankruptcy Court refused to defer, which raises the specter that Camshaft's and other parties' rights will be improperly adjudicated in a non-Delaware forum.

Indeed, in the briefing below, the Debtor admitted that the requests in the Subpoenas are intended to obtain information that it has not obtained in the Adversary Proceeding. (*See* Bankr. Dkt. No. 13, 1-3, 5-8.) The Bankruptcy Court should not have allowed the Debtor to use the requests to circumvent the process in the Delaware proceedings and undermine Camshaft's appellate rights.

**B.     Camshaft Would Suffer Irreparable Harm in the Absence of a Stay**

Without a stay pending appeal, highly sensitive and confidential financial information of Camshaft and its limited partners will be produced to the Debtor (even though it lacks any relevance to the claims and defenses at issue). This will

result in irreparable harm because Camshaft's limited partners expect that the details of their financial transactions will remain strictly between them and Camshaft.

A case from this District, *J.P. Morgan Sec. LLC v. Weiss*, No. 19-cv-04163-TWP-MPB, 2019 WL 6050176 (S.D. Ind. Nov. 15, 2019), is instructive here. In that case, JP Morgan argued that there would be irreparable harm if its clients' information were disclosed because it would suffer an unquantifiable "loss of client confidence." *Id.* at *8. JP Morgan claimed that such a loss of confidence would occur because disclosure would compromise the clients' "reasonable expectation of privacy." *Id.* "Irreparable harm lies, in part, in the fact that JPMorgan's clients expect their personal information, their market transactions, and their investment assets to be known only to themselves, JPMorgan, and JPMorgan's representatives." *Id.* The court agreed, holding that there was irreparable harm because, among other things, disclosure would cause a loss of client confidence based on the expectation that their investment information would remain private. *Id.* at *9.

The same is true here. Camshaft's limited partners have a reasonable expectation that the detail of their investments will not be shared with third parties. Indeed, the Camshaft brochure expressly notes that:

> In the ordinary course of business, the Firm collects, processes, receives, shares and maintains personal information, including data relating to personnel and investors. As a result, the Firm is subject to various U.S. federal and state privacy and information security laws regulating personal information and creating potential liability for the mishandling, misuse or compromise of that personal information.

11

(Van Tol Decl., **Exhibit F**, 15.)

Camshaft would also suffer irreparable harm because its proprietary trade secrets would be produced in the absence of a stay. The Bankruptcy Court tried to address such concerns by referring to the parties' Stipulated Confidentiality Agreement and Protective Order dated April 16, 2024 (the "Confidentiality Agreement") (*see* Van Tol Decl., **Exhibit G**), but it will not prevent the harm to Camshaft from occurring.

One of the parties to the Confidentiality Agreement is GLAS Trust Company LLC ("GLAS"), which represents various financial institutions that operate in the same commercial area as Camshaft (the "GLAS Entities"). To prevent the GLAS Entities from obtaining commercially sensitive, competitive information, the Confidentiality Agreement includes the designation of "Attorneys' Eyes Only" ("AEO"). The Debtor, however, has stated that it will treat the documents produced in response to the Subpoenas as "AEO" for only seven days, and then merely "Confidential" thereafter. (*See* Van Tol Decl., Ex. E (Apr. 25, 2024 email from B. Finestone at 7:04 pm).) The GLAS Entities would have access to the proprietary and sensitive documents if they are only marked as "Confidential." Moreover, even if the documents keep the "AEO" designation, the Confidentiality Agreement states that the parties may challenge such designations, including in connection with public

12

evidentiary hearings. (Van Tol Decl., Ex. G, 14.) Thus, the Confidentiality Agreement is not a true safeguard against disclosure and the resulting harm.

### C. Substantial Harm to Other Parties

A stay would not result in substantial harm to the Debtor or GLAS. Before the Bankruptcy Court, the Debtor claimed that there was urgency because the information from Apex would allow it to identify the current location of the Alpha Funds and prevent them from being transferred again. As noted above, Apex does not have information on where the Alpha Funds are. In short, there is no imminent need for the documents sought in the Subpoenas.

### D. A Stay Would Be in the Public Interest

The public has an interest in making sure that commercially sensitive and confidential information is not released unless there is sufficient good cause. Here, the Debtor has not demonstrated the relevance of the documents sought or that the information would be adequately protected.

### III. The Court Should Enter an Interim Stay While This Motion Is Pending

The Court should enter an immediate, interim stay in order to preserve Camshaft's right to seek a stay pending appeal. Without an interim stay, Apex will likely produce documents in response to the Subpoenas, thereby mooting both the Motion and Camshaft's appeal.

13

\\4129-2588-5263 v1

WHEREFORE, Appellants respectfully request that the Court grant the Motion in its entirety by directing that (a) the Quash Order is stayed while the Motion is pending; and (b) the Quash Order is stayed pending appeal.

Dated: April 30, 2024

**TAFT STETTINIUS & HOLLISTER LLP**
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Tel.: (317) 713-3500
Fax: (317) 713-3699
Ann McCready
(Ind. Att'y No. 32836-53)
amccready@taftlaw.com

**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, NY 10017
Phone: (212) 909-0661
Fax: (212) 918-3100
Pieter Van Tol*
Elizabeth Carter*
Arthur Herskowitz*
pieter.vantol@hoganlovells.com
elizabeth.carter@hoganlovells.com
arthur.herskowitz@hoganlovells.com

**pro hac vice* applications forthcoming)

*Counsel for Appellants*

14

\\4129-2588-5263  v1

## CERTIFICATE OF COMPLIANCE WITH
## TYPEFACE REQUIREMENT AND TYPE-VOLUME LIMITATION

As required by Bankruptcy Rule 8013(f)(3)(A) and FRAP 27(d)(1) and 32(a)(5) and (6), made applicable by Bankruptcy Rule 8013(f)(1), Appellants' Motion for a Stay Pending Appeal of Contempt Order and Preliminary Injunction contains 3074 words, excluding the case caption, tables of contents and authorities, and signature block and is written in 14-point Times New Roman typeface.

Date: April 30, 2024

>*/s/ Ann McCready*
>**TAFT STETTINIUS &**
>**HOLLISTER LLP**
>One Indiana Square, Suite 3500
>Indianapolis, IN 46204
>Tel.: (317) 713-3500
>Fax:  (317) 713-3699
>Ann McCready
>(Ind. Att'y No. 32836-53)
>amccready@taftlaw.com
>
>*Counsel for Appellants*

\\4129-2588-5263  v1