Civil Action No. 24-cv-00733-JPH-CSW

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CAMSHAFT CAPITAL FUND, LP; CAMSHAFT CAPITAL ADVISORS, LLC; and CAMSHAFT CAPITAL MANAGEMENT, LLC, <br><br> *Applicants-Appellants*, <br><br> v. <br><br> BYJU'S ALPHA, INC., <br><br> *Respondent-Appellee*. | Case No. 24-mp-56003 (JJG) <br><br> Appeal from the United States Bankruptcy Court for the Southern District of Indiana |

## CAMSHAFT'S BRIEF IN SUPPORT OF ITS
## MOTION TO FILE CERTAIN EXHIBITS UNDER SEAL

**TAFT STETTINIUS & HOLLISTER LLP**
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Tel.: (317) 713-3500
Fax: (317) 713-3699
Ann McCready
(Ind. Att'y No. 32836-53)
amccready@taftlaw.com

**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, NY 10017
Phone: (212) 909-0661
Fax: (212) 918-3100
Pieter Van Tol (admitted *pro hac vice*)
Elizabeth Carter
Arthur Herskowitz
pieter.vantol@hoganlovells.com
elizabeth.carter@hoganlovells.com
arthur.herskowitz@hoganlovells.com

*Counsel for Appellants*

## TABLE OF CONTENTS

**Page**

BACKGROUND ............................................................................................................... 4

LEGAL STANDARD ....................................................................................................... 5

ARGUMENT .................................................................................................................... 6

I. The Court Should Seal the Exhibits from Public Disclosure Because They Contain Highly Sensitive and Proprietary Information ................................... 6

    A. Exhibits L, M, Q, and U ......................................................................... 7

    B. Exhibit P ................................................................................................. 9

    C. Exhibits R and S .................................................................................... 9

II. The Existence of the Protective Order Supports Sealing the Exhibits ............ 9

CONCLUSION ............................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdul-Ghafoor v. Pro. Transportation Inc.*,
    2022 WL 18959178 (S.D. Ind. Dec. 29, 2022) ................................................5, 7

*City of Greenville, Ill. v. Syngenta Crop Prot., LLC,*
    764 F.3d 695 (7th Cir. 2014) ..................................................................................5

*Formax Inc. v. Alkar-Rapidpak-MP Equip., Inc.*,
    2014 WL 792086 (E.D. Wis. Feb. 25, 2014)..........................................................8

*Nixon v. Warner Commc'ns, Inc.,*
    435 U.S. 589 (1978)............................................................................................6, 7

*Source Search Techs., LLC v. Kayak Software Corp.,*
    2016 WL 11745035 (D.N.J. Dec. 19, 2016)...........................................................9

Applicant-Appellants Camshaft Capital Fund, LP, Camshaft Capital Advisors, LLC, and Camshaft Capital Management, LLC (collectively, "Camshaft"), by and through its undersigned counsel, respectfully submits this brief in support of its motion (the "Motion") to file certain exhibits under seal pursuant to United States District Court for the Southern District of Indiana Local Rule 5-11. The Motion seeks to seal Exhibits L, M, P, Q, R, S, and U (collectively, the "Exhibits").

## BACKGROUND

On April 4, 2024, BYJU's Alpha, Inc. (the "Debtor") issued subpoenas (the "Subpoenas") to Apex Fund Services (Indiana), Inc. ("Apex") in connection with the Debtor's adversary proceeding against Camshaft in the United States Bankruptcy Court for the District of Delaware (the "Delaware Adversary Proceeding"). The Subpoenas called for compliance in the Southern District of Indiana and in the Southern District of New York.

Following Debtor's issuance of the Subpoenas, Camshaft immediately filed a motion in the United States Bankruptcy Court for the Southern District of Indiana (the "Bankruptcy Court") to quash the Subpoenas (the "Quash Motion"), arguing (among other things) that the Subpoenas are overbroad, call for production of irrelevant documents, and seek confidential, commercially sensitive information. On April 25, 2024, the Bankruptcy Court held a hearing on the Quash Motion (the

4

"April 25 Hearing") and, on the same day, issued its order (the "Quash Order"). The Quash Order modified some of the Subpoenas' requests in response to Camshaft's objections, but left other overbroad and irrelevant requests intact. The Quash Order is currently on appeal and Camshaft has moved for a stay pending appeal (to which the Exhibits).

At the April 25 Hearing, the Bankruptcy Court held that Camshaft's confidentiality concerns could be addressed through the confidentiality agreement and protective order in the Delaware Adversary Proceeding (the "Protective Order"). When Apex produced documents, it designated them "ATTORNEYS' EYES ONLY" in accordance with the Protective Order. That designation requires, among other things, the filing of documents under seal.

## **LEGAL STANDARD**

It is hornbook law that "[d]iscovery material can be shielded from the public eye." *See, e.g.*, *City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 697 (7th Cir. 2014). The "presumption of public access" to court documents is limited to "materials that affect judicial decisions." *Id.* Despite the presumption of public access to court documents, such documents may be sealed when they contain sensitive business information or trade secrets. *Abdul-Ghafoor v. Pro. Transportation Inc.*, 2022 WL 18959178, at *1 (S.D. Ind. Dec. 29, 2022). Indeed, courts have refused to permit their files to serve as wellsprings for business

5

information that might harm a litigant's competitive standing. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

## ARGUMENT

### I. The Court Should Seal the Exhibits from Public Disclosure Because They Contain Highly Sensitive and Proprietary Information

The Exhibits fall into at least one of three categories: (a) attorney-client invoices; (b) proprietary trade secret or competitive information; and (c) documents relating to non-parties' sensitive financial information. Additionally, the existence of the confidentiality order supports sealing documents in this case. And, if the motion to seal is denied, Camshaft requests the opportunity to redact.

The below chart summarizes the reasons supporting the sealing of the Exhibits by this Court:

| Exhibit Document | Page(s) or Paragraph(s) | Reason |
|---|---|---|
| Exhibit L | Withheld in its entirety | References and describes confidential financial transactions of Inspilearn LLC |
| Exhibit M | Withheld in its entirety | References and describes confidential financial transactions of BYJU's Alpha, Inc. |
| Exhibit P | Withheld in its entirety | References legal services provided[1] |

---

[1] To avoid any argument of waiver, Camshaft has redacted the individual descriptions in the legal invoices.

| Exhibit Document | Page(s) or Paragraph(s) | Reason |
|---|---|---|
| Exhibit Q | Withheld in its entirety | References and describes Camshaft's sensitive and confidential client information, including account numbers and balances |
| Exhibit R | Withheld in its entirety | References and describes sensitive and confidential payment details to Camshaft's external consultants |
| Exhibit S | Withheld in its entirety | References and describes personal and confidential transactions of Mr. Morton, including bank account details |
| Exhibit U | Withheld in its entirety | References and describes transactions relating to Camshaft's highly proprietary and sensitive business information |

### A.   Exhibits L, M, Q, and U

Exhibits L, M, Q, and U contain proprietary trade secrets or commercially competitive information. It is well-settled that trade secrets and commercially competitive information may be sealed. *Abdul-Ghafoor v. Pro. Transportation Inc.*, 2022 WL 18959178, at *1 (S.D. Ind. Dec. 29, 2022); *see also Nixon*, 435 U.S. at 598.

For example, Exhibits L and M reveal transaction decisions made by Camshaft in the course of its business dealings, which competitors can leverage to

7

infer significant changes in Camshaft's total assets under management, thereby potentially necessitating a different trading strategy or approach. Indeed, "other financial records not normally made known to the public may be properly filed under seal." *Formax Inc. v. Alkar-Rapidpak-MP Equip., Inc.*, 2014 WL 792086, at *3 (E.D. Wis. Feb. 25, 2014). Thus, redaction is insufficient as to Exhibits L and M because each document is entirely confidential and, thus, properly sealable.

Exhibits Q and U are also the proper subjects for sealing from public disclosure. Exhibit Q contains trading and financial information, including account balances, customer identity, deposit and withdrawal amounts, and securities and financial positions.

Camshaft has developed proprietary trading strategies over the past few years. If Camshaft's trading strategies were made public, Camshaft would almost certainly lose its competitive position in the marketplace because Camshaft's competitors could identify those investment strategies. Further, financial records, including profit and loss statements, may be filed under seal. *Formax*, 2014 WL 792086, at *3. Exhibit U contains confidential information regarding the structure and competitively sensitive terms of a subscription made to Camshaft.

Accordingly, the redaction of information reflected in Exhibits Q and U is insufficient because each document is entirely confidential and, thus, properly sealable.

### B. Exhibit P

Exhibit P consists entirely of attorney-client invoices. It is undisputed that the public's right of disclosure does not extend to documents protected by attorney-client privilege or documents reflecting attorney work-product. Indeed, courts have previously sealed such documents, particularly where, as here, the request is unopposed. *See, e.g.*, *Source Search Techs., LLC v. Kayak Software Corp.*, 2016 WL 11745035, at *2 (D.N.J. Dec. 19, 2016).

### C. Exhibits R and S

Exhibits R and S contain third-party financial information. More specifically, Exhibit R contains the confidential banking information of a third-party, including account numbers, third-party hourly rates, compensation information, and attorney-client information (the fee contract discusses the scope of services). Exhibit S similarly contains third-party banking information. Accordingly, the redaction of information reflected in Exhibits R and S is insufficient because each document is entirely confidential and, thus, properly sealable.

## II. The Existence of the Protective Order Supports Sealing the Exhibits

As discussed above, the Bankruptcy Court relied on the existence of the Protective Order in ordering the production of confidential and proprietary information (over Camshaft's objection). It would be contrary to the Bankruptcy Court's efforts if this Court were to hold that the Exhibits should not be sealed.

## CONCLUSION

For the foregoing reasons, Camshaft respectfully requests that the Court grant the Motion or, in the alternative, allow Camshaft to redact the confidential, proprietary, and commercially sensitive information contained in each of the Exhibits.

Dated: May 8, 2024

| | |
|---|---|
| **TAFT STETTINIUS & HOLLISTER LLP**<br>One Indiana Square, Suite 3500<br>Indianapolis, IN 46204<br>Tel.: (317) 713-3500<br>Fax: (317) 713-3699<br>Ann McCready<br>(Ind. Att'y No. 32836-53)<br>amccready@taftlaw.com | **HOGAN LOVELLS US LLP**<br><br>*/s/ Pieter Van Tol*<br>390 Madison Avenue<br>New York, NY 10017<br>Phone: (212) 909-0661<br>Fax: (212) 918-3100<br>Pieter Van Tol (admitted *pro hac vice*)<br>Elizabeth Carter<br>Arthur Herskowitz<br>pieter.vantol@hoganlovells.com<br>elizabeth.carter@hoganlovells.com<br>arthur.herskowitz@hoganlovells.com |

*Counsel for Appellants*